**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FRED A. CONNER,** **PLAINTIFF,**

**VS.** **CIVIL ACTION NO. 4:05CV33-P-B**

**AMERICAN PUBLIC LIFE**
**INSURANCE COMPANY,** **DEFENDANT.**

**ORDER**

This matter comes before the court upon American Public Life Insurance Company's Motion for Reconsideration, or, Alternatively, for Certification for Interlocutory Appeal and Stay of Proceedings Pending Appeal [88-1]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The defendant's motion to reconsider the court's September 9, 2006 Memorandum Opinion and Order denying the defendant's motion for judgment on the pleadings and granting the defendant's motion to stay consideration of the plaintiff's cross-motion for partial summary judgment should be denied insofar as the end result – *i.e.*, the denial of the motion for judgment on the pleadings. The court clarifies its ruling by pointing out that it did not intend to conclude as a matter of law at this particular procedural juncture that "the term 'actual charges' as used but not defined in the subject policy means the amount of money the provider typed on the bills and sent to the insured and insurer." Memorandum Opinion, p. 7. The court concedes that this conclusion of law was in error only because the procedural posture resulting in the Opinion was such that neither the plaintiff's motion for partial summary nor any other motion for summary judgment was yet under

1

consideration.[1]

The court does not, however, concede that the questions of whether there is an ambiguity and, if so, whether resolution of that ambiguity must be resolved against the drafter are questions of fact for a jury. While the Fifth Circuit in *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005) did indeed cite *Shelton v. Am. Ins. Co.*, 507 So.2d 894, 896 (Miss.1987) for the proposition that "where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of facts, [therefore,] the granting of summary judgment is inappropriate," the overwhelming weight of the case law supports the conclusion that it is the court that resolves an ambiguity in an insurance contract in favor of the insured.

As the court's September 9, 2006 Opinion stated: "The proper construction of an insurance contract provision is a question of law...." *Farmland Mut. Ins. Co. v. Scruggs*, 886 So.2d 714, 717 (Miss. 2004); *see also e.g., Lewis v. Allstate Ins. Co.*, 730 So.2d 65, 68 (Miss.1998) ("The interpretation of insurance policy language is a question of law."). Since the "proper construction of an insurance contract" includes determining whether there is an ambiguous material term and, if so, whether the ambiguous term will be resolved against the drafter, both questions are questions of law for the court, not the fact-finder.

The Court in *Scruggs* went on to say in the next paragraph that "[i]t is also bedrock law 'that ambiguous terms in an insurance contract **are** to be construed most strongly against the preparer, the

---

[1] However, if the defendant's motion under consideration were one for summary judgment, the court would be authorized to grant summary judgment for the non-movant even without a cross motion for summary judgment. *Temple v. FDIC*, 988 F.2d 24, 25 (5th Cir. 1993) ("The Fifth Circuit has long recognized that a district court may *sua sponte* grant summary judgment for a nonmoving party, provided all the procedural safeguards of Rule 56 are followed."); *Jensen v. Snellings*, 841 F.2d 600, 618 (5th Cir. 1988) ("When a party moves for summary judgment, the court may grant summary judgment for the non-moving party even where no cross-motion has been made.").

insurance company.'" *Id*. (citing *U.S. Fidelity & Guar. Co. v. Omnibank*, 818 So.2d 196, 198 (Miss. 2002)) (emphasis added). There are many other cases by the Mississippi Supreme Court, decided both before and after the 1987 decision in *Shelton*, that clearly use terms demonstrating that construction of ambiguities in an insurance contract against the drafter is compulsory and therefore a question of law.[2] *E.g., Caldwell v. Hartford Acc. & Indem. Co.*, 160 So.2d 209, 212-13 (Miss. 1964) ("The rule that the insurance policy prepared by the insurer must be construed more strongly against the insurance company, and that any fair doubt should be resolved in favor of the insured, is so well-settled in the law of insurance that we hesitate to cite any cases... It is equally well-settled that when the provisions of an insurance policy are subject to two interpretations equally reasonable, that interpretation which gives greater indemnity to the insured **will** prevail.") (emphasis added); *Government Employees Ins. Co. v. Brown*, 446 So.2d 1002, 1006 (Miss. 1984) (in a certified question from the Fifth Circuit, the Mississippi Supreme Court wrote that it "still recognizes the general principle that in any insurance contract, unclear and ambiguous language **will** be construed in favor of the insured.") (emphasis added); *Nationwide Mut. Ins. Co. v. Garriga*, 636 So.2d 658, 662 (Miss.1994) ("Any ambiguities in an insurance contract **must** be construed against the insurer and in favor of insured ....") (emphasis added); *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So.2d 805, 810 (Miss. 1970) ("[I]f it is assumed at best that the State Farm policy is ambiguous, it was prepared by the insurer, and under established rules of interpretation **must** be construed most strongly against the insurance company, resolving any fair doubt in favor of insured."); *Griffin v.*

---

[2] The order of these cases is not sequential but rather is based upon Westlaw's Most Cited Cases chart for KeyCite Headnote 217k1832(1) for Mississippi which lists approximately forty-three cases in descending order of times cited for the proposition that ambiguous language in an insurance contract must be resolved against the drafter.

3

*Maryland Cas. Co.*, 57 So.2d 486, 489 (Miss. 1952) ("If ambiguous, [the insurance policy] should be construed most strongly in favor of the insured. ... If the language is doubtful or ambiguous, a reasonable construction in favor of the insured **follows**.") (emphasis added); *Lewis*, 730 So.2d at 68 ("Under Mississippi law, ambiguous and unclear policy language **must** be resolved in favor of the insured.") (emphasis added); *Home Owners Ins. Co. v. Keith's Breeder Farms, Inc.*, 227 So.2d 293, 294 (Miss.1969) ("[T]he rule is that any ambiguity in the language of the policy **will** be construed more strictly against the writer of the policy.") (emphasis added); *Penn v. Commercial Union Fire Ins. Co. of N.Y.*, 101 So.2d 535, 536 (Miss.1958) ("[T]he universal rule is that it **must** be construed most strongly against the insurer.") (emphasis added); *New York Life Ins. Co. v. Blaylock*, 110 So. 432, 433 (Miss.1926) ("[W]hen there are two reasonable constructions of the contract of insurance, one favorable to the insurance company and the other to the insured, it is the duty of the courts to adopt the one favorable to the insured, because the contract is to be construed most strongly against the writer of it. This is the universal rule, as we find it in all jurisdictions.").

Use of the terms "will," "must," "are," "universal rule" clearly show that if the court determines there is an ambiguity in an insurance policy (such a finding necessarily presuming not that a mere dispute alone shows an ambiguity but that there are at least two reasonable but conflicting interpretations of an operative provision), then it is for the court to decide as a matter of law that the ambiguity must be resolved against the drafter. This is especially true when the aforementioned cases are read in conjunction with the rules that "[t]he proper construction of an insurance contract provision is a question of law...." *Scruggs*, 886 So.2d at 717, "[t]he interpretation of insurance policy language is a question of law," *Lewis*, 730 So.2d at 68, and "[w]hen terms in an insurance contract are ambiguous, the interpretation of those terms falls to the **court**." *Blackledge*

*v. Omega Ins. Co.*, 740 So.2d 295, 298 (Miss.1998).

Furthermore, as the court pointed out in its original Opinion, the Fifth Circuit's summary in *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382-83 (5th Cir. (Miss.) 1998) of Mississippi law regarding judicial interpretation (as opposed to jury interpretation) of insurance contracts contains several rules evincing not only that ambiguous terms should be construed against the drafter but also that the such construction is a matter of law, not fact. That is, the Court in *Centennial* observed the following rules:

> First, where an insurance policy is plain and unambiguous, a court must construe that instrument, like other contracts, exactly as written.
>
> Second, it reads the policy as a whole, thereby giving effect to all provisions.
>
> Third, **it must read an insurance policy more strongly against the party drafting the policy and most favorably to the policyholder**.
>
> Fourth, **where it deems the terms of an insurance policy ambiguous or doubtful, it must interpret them most favorably to the insured and against the insurer**.
>
> Fifth, **when an insurance policy is subject to two equally reasonable interpretations, a court must adopt the one giving the greater indemnity to the insured**.
>
> Sixth, where it discerns no practical difficulty in making the language of an insurance policy free from doubt, **it must read any doubtful provision against the insurer**.
>
> Seventh, **it must interpret terms of insurance policies**, particularly exclusion clauses, **favorably to the insured wherever reasonably possible**.
>
> Finally, although **ambiguities of an insurance policy are construed against the insurer**, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured.

*Id.* (reformatted for convenience; internal citations omitted). The court draws attention to the use of "must" in each of the emphasized rules. Furthermore, contrary to defendant's argument, there is nothing in *Centennial* requiring these eight rules to be construed sequentially.

Finally, the court notes there is no Mississippi Model Jury Instruction regarding construction

5

of an ambiguous contractual term against the drafter.

Because the court has concluded that there is an ambiguity in the meaning of "actual charges" since there are two perfectly reasonable interpretations of the phase as outlined in the court's original Opinion, because the court has decided to withdraw its conclusion of the ultimate meaning of "actual charges" as premature, and because the court has ruled that consideration of the plaintiff's motion for partial summary judgment shall be stayed until the completion of discovery, the court now concludes that an application for certification of an interlocutory appeal is likewise premature. The court will reconsider such an application after the plaintiff's motion for summary judgment is ruled upon in the event said motion is decided unfavorably to the defendant.

**IT IS THEREFORE ORDERED AND ADJUDGED** that American Public Life Insurance Company's Motion for Reconsideration, or, Alternatively, for Certification for Interlocutory Appeal and Stay of Proceedings Pending Appeal [88-1] is **DENIED**.

**SO ORDERED** this the 19th day of October, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE